Alfrets Sumolang SUMOLANG,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–70822.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Ste. E, The Law Offices of Kurt Miller, Morgan Hill, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., Jennifer Keeney, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Alfrets Sumolang Sumolang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals'

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA exercises its power to conduct a de novo review of the record, our review is limited to the decision of the BIA except to the extent that the IJ's opinion is expressly adopted. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995). We review factual findings for substantial evidence, *Id.* at 1429, and de novo claims of due process violations, *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). We deny the petition for review.

The BIA denied Sumolang's asylum application claim as time-barred. Sumolang does not challenge this finding in his opening brief.

 Substantial evidence supports the BIA's denial of withholding of removal because Sumolang's experiences in Indonesia, even when considered cumulatively, do not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1017–18 (9th Cir.2003). Further, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004) applies to a withholding of removal claim by an Indonesian Christian, Sumolang has not established a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Furthermore, the record does not compel the conclusion that Sumolang demonstrated a pattern or practice of persecution against Indonesian Christians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Sumolang's withholding of removal claim fails.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Substantial evidence supports the BIA's denial of Sumolang's CAT claim because he has failed to show it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

Sumolang's due process contentions are not supported by the record. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**